UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William F. Martin, Jr., ) | C/A No.: 0:12-01088-RBH-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Ross Alan Burton, Public Defender Attorney of the ) | |
| Commission Office of Indigent Defense Sixteenth ) | Report and Recommendation |
| Judicial Circuit to be sued in this Individual and Official ) | |
| Capacity, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, William F. Martin, Jr. ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Further, as the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976).

Even when considered under this less stringent standard, however, the undersigned finds and concludes for the reasons set forth below that the *pro se* Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the



1

pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

The Complaint states that, on May 3, 2007, Plaintiff entered a guilty plea in the York County Court of General Sessions to the charge of possession of marijuana with intent to distribute. ECF No. 1, page 3. Defendant Burton, Plaintiff's appointed public defender in the criminal proceedings, allegedly advised Plaintiff to enter the guilty plea and warned Plaintiff that he could receive up to twenty-four years of imprisonment if the case proceeded to trial. *Id.* Plaintiff was thereafter sentenced to eight years of incarceration "under the 85% law, in which has no parole or early release." *Id.* Plaintiff complains that Defendant Burton provided ineffective legal advice and failed to make proper objections during the trial and sentencing hearing, thus, violating his "duty to protect his client in a Court of Law." *Id.* at 3-4. The Complaint further alleges that Defendant Burton conspired with the prosecuting attorney to have Plaintiff convicted of the 2007 drug charge. *Id.* at 4. Plaintiff's sentence was later vacated in a post-conviction relief (PCR) hearing in October of 2008. *Id.* Plaintiff was subsequently released on bond and electronically monitored for seventeen months, at a cost of $400 per month to Plaintiff. *Id.* at 5. A state judge modified Plaintiff's bond conditions in November of 2008, releasing him from electronic monitoring. *Id.* On March 7, 2012, Plaintiff was re-sentenced to twenty-six months incarceration, with credit given for the time Plaintiff had already served in prison. *Id.* Plaintiff claims that Defendant Burton's legal assistance was so ineffective that it constitutes negligence, fraud, conspiracy and legal malpractice. *Id.* Plaintiff seeks monetary damages. *Id.* at 7.



2

Discussion

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* "some person has deprived him of a federal right," and *(2)* "the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). This is the third § 1983 action brought by Plaintiff in this District Court claiming a violation of his constitutional rights by Defendant Burton.[1] *See William Forest Martin, Jr. v. Kevin Scott Brackett, Esquire, et al.*, Civil No. 9:09-00792-RBH (D.S.C. November 16, 2009)(summarily dismissed without prejudice); *William Forest Martin, Jr. v. Kevin S. Brackett, Solicitor, et al.*, Civil No. 0:08-00853-GRA (D.S.C. June 12, 2008)(same).

Plaintiff's prior civil cases against Defendant Burton, like the present Complaint, allege claims of legal malpractice and conspiracy associated with this Defendant's representation of Plaintiff during state criminal proceedings in 2007. However, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317-324 nn. 8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 nn. 2-3 (4th Cir. 1980)(court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Thus, the instant Complaint's § 1983 claims against Defendant Burton, for actions associated with his representation of Plaintiff in state criminal court, are subject to summary dismissal.

Further, to the extent Plaintiff may be alleging a claim of conspiracy under 42 U.S.C. § 1985, the Complaint is likewise subject to dismissal. An alleged conspiracy must be pled and proved by

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992); *Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).



3

concrete facts, not mere conclusory allegations. *Simmons v. Poe*, 47 F.3d 1370, 1376–77 (4th Cir.1995); *Buschi v. Kirven*, 775 F.2d 1240, 1248 (4th Cir.1985). In addition, the Supreme Court has held that, to establish a federal conspiracy claim under § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus". *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Trerice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985). Plaintiff believes that Defendant Burton's failure to object to statements made in state court by the prosecuting attorney constitute a conspiracy between the two attorneys. ECF No. 1, page 4. However, speculation and conjecture are insufficient to demonstrate a conspiratorial agreement, and the Complaint provides no facts to show that defendant Burton came to any mutual understanding or acted "jointly in concert" with any other individual to deprive Plaintiff of a constitutional right. *See Hinkle v. City of Clarksburg, W.Va*, 81 F.3d 416, 421 (4th Cir. 1996); *see also Ruttenberg v. Jones*, No. 07-1037, 2008 WL 2436157 at *132 (4th Cir. June 17, 2008). Plaintiff also fails to establish any discriminatory motive on the part of the Defendant. Thus, to the extent Plaintiff alleges a cause of action for conspiracy, his claim must fail.

Finally, because the issues involved in the Complaint *sub judice* have been addressed in Plaintiff's prior cases, this duplicate § 1983 Complaint is frivolous and should also be summarily dismissed in the interest of judicial economy and efficiency. *See Cottle v. Bell*, No. 00-6367, 2000 WL 1144623 at *1 (4th Cir. Aug. 14, 2000)("Because district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)"); *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1998)("district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party"); *see also Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)("The District Court

4

clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

### Recommendation

Accordingly, it is recommended that the Court dismiss the Complaint in the above-captioned case without prejudice. Plaintiff's attention is directed to the important notice on the next page.

May 10, 2012  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

