IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| William F. Martin, Jr., | ) | Civil Action No.: 0:12-cv-01088-RBH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Ross Alan Burton, Public Defender Attorney of the Commission Office of Indigent Defense Sixteenth Judicial Circuit to be sued In this Individual and Official Capacity, | ) | |
| Defendant. | ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant.[1] Plaintiff William F. Martin Jr., proceeding *pro se*, filed this action against Defendant Ross Alan Burton. In the R&R, the Magistrate Judge recommends that the Court dismiss Plaintiff's complaint *without prejudice* and without the issuance of process.

**Factual Background and Procedural History**

Plaintiff filed this action on April 24, 2012, alleging the following facts. Compl., ECF No. 1. On May 3, 2007, Plaintiff entered a guilty plea in circuit court in York County, South Carolina, to multiple charges, including the charge of possession of marijuana with intent to distribute, third offense. Defendant, Plaintiff's appointed public defender, allegedly advised Plaintiff to enter a

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2). The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

guilty plea and informed Plaintiff that he could receive up to twenty-four years' imprisonment if the case proceeded to trial. Opting to proceed with the guilty plea, Plaintiff was sentenced to eight years' imprisonment for the "no-parole" offense, which required him to serve at least 85% of his sentence. Plaintiff complains that Defendant provided ineffective legal advice and failed to make proper objections to the solicitor's false statements during the sentencing hearing, thus, violating his "duty to protect his client in a Court of Law." He further alleges that Defendant conspired with the solicitor to have Plaintiff erroneously sentenced based, in part, on a 1993 arson charge the solicitor failed to convict him of.

Plaintiff's sentence was later vacated in a post-conviction relief hearing in October 2008 on the grounds that the charge he pleaded guilty to was his second, not his third, offense. Plaintiff was subsequently released on bond and electronically monitored—a cost of $400 per month to Plaintiff—for seventeen months. The circuit court modified Plaintiff's bond conditions in November 2008, releasing him from electronic monitoring. On March 7, 2012, Plaintiff was re-sentenced to twenty-six months' imprisonment and given credit for time served. He is no longer incarcerated. Plaintiff claims that Defendant's legal assistance was so ineffective that it constitutes negligence, fraud, conspiracy, and legal malpractice. Plaintiff seeks monetary damages.

The Magistrate Judge issued his R&R on May 10, 2012, R&R, ECF. No. 11, and Plaintiff filed timely objections to the R&R, Pl.'s Objs., ECF No. 13.

### **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may

2

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Discussion

The Magistrate Judge recommends dismissing Plaintiff's complaint *without prejudice* and without the issuance of process. First, the Magistrate Judge, interpreting Plaintiff's first claim as one pursuant to 42 U.S.C. § 1983, concludes Plaintiff fails to state a claim under that section because public defenders, as a matter of law, do not act "under the color of state law when performing traditional functions as counsel." R&R 3. Second, the Magistrate Judge, liberally construing Plaintiff's complaint, concludes he fails to state a claim for conspiracy—to the extent he claims a violation under 42 U.S.C. § 1985. Finally, dismissal was recommended on the basis that this action, Plaintiff's third against Defendant, is duplicative and thus frivolous. R&R 3-5.

Plaintiff objects to each of the Magistrate Judge's bases for dismissal. First, he characterizes his § 1983 claim as an ineffective assistance of counsel claim and emphasizes that his claim is not grounded on the fact his attorney was a public defender who was employed by the state. Second, he

3

contends he has proof of a conspiracy, pointing to the fact that his attorney assisted the solicitor in York County to hold him accountable for a 1993 arson charge of which his acquitted. Finally, he argues his claim is not frivolous because his previous two dismissed claims, referred to by the Magistrate Judge, were dismissed *without prejudice*. Pl.'s Objs.

As noted above, the Court must conduct a *de novo* review of each portion of the R&R that was properly objected to. The Court agrees with the conclusion that Plaintiff's ineffective assistance of counsel claim is not cognizable as a constitutional tort under § 1983 in light of *Polk County v. Dodson*, 454 U.S. 312 (1981). There is no indication, with perhaps the exception of Plaintiff's conspiracy allegation, that Defendant exceeded the "traditional functions as counsel." *Id.* at 325. In fact, even in his objection, Plaintiff argues his claim has more to do with Defendant's "shoddy defense." Pl.'s Objs. 3. Any remaining legal malpractice claims, assuming the statute of limitations has not run, are more suited for state court because no diversity of citizenship exists to warrant federal jurisdiction over state claims.

The Magistrate Judge, as a matter of caution, recommends addressing Plaintiff's allegation that Defendant conspired with the solicitor. Construing the claim as a potential § 1985 claim, the Magistrate Judge concludes that it should be dismissed on the grounds that it was not pled with any specificity and that Plaintiff did not allege any discriminatory motive of Defendant. R&R 4. The Court sees no error in the Magistrate Judge's recommendation for dismissing Plaintiff's claims *without prejudice* to the extent they allege a conspiracy under § 1985. The Court need not construe Plaintiff's conclusory use of the word "conspiracy" so liberally as to read into it the elements of a § 1985 conspiracy against his civil rights. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

As for Plaintiff's objection to the Magistrate Judge's conclusion that his complaint should be dismissed as frivolous, the Court finds no error. Taking judicial notice of Plaintiff's previous filings, the Court notes Plaintiff has alleged ineffective assistance of counsel against Defendant multiple times in the past. *See* Order, Martin v. Brackett, et al., No. 9:09-cv-00792-RBH (D.S.C. Nov. 13, 2009); Order, Martin v. Brackett, et al., No. 0:08-cv-00853-GRA (D.S.C. June 12, 2008). Plaintiff is correct to point out that each complaint was dismissed *without prejudice* for failure to state a cognizable claim under § 1983. Pl.'s Objs. 3. However, Plaintiff must be mindful that, under the facts he has alleged time after time, no ineffective assistance of counsel claim, as a matter of law, will merit relief for the sole reason that Defendant never acted under color of state law, a requirement for a § 1983 claim. To that end, this action is frivolous and subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). Regardless, the legal sufficiency of Plaintiff's allegations were addressed to the extent that dismissal based on frivolousness was unnecessary. The Court, therefore, finds no error in the Magistrate Judge's R&R.

## Conclusion

The Court has thoroughly reviewed the entire record, including the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the R&R of the Magistrate Judge.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint be **DISMISSED** *without prejudice* and without the issuance of process.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

June 26, 2012
Florence, South Carolina